**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE SOLOMON DWEK, et al., | Bankruptcy No. 07-11757 (KCF) |
|     Debtors. | Adv. Proc. No. 09-1233 (KCF) |
| CHARLES A. STANZIALE, JR., Chapter 11 Trustee, | Civil Action No. 10-4259 (MLC) |
|     Plaintiff, |  |
| v. | **MEMORANDUM OPINION** |
| BARRY KANTROWITZ, et al., |  |
|     Defendants. |  |

**COOPER, District Judge**

Defendants Barry Kantrowitz ("Kantrowitz"), Barry Associates, LLC ("Barry Associates"), and Barry Associates Title Agency, LLC ("Barry Title") (collectively, "Moving Defendants") move for leave to appeal from an interlocutory order of the United States Bankruptcy Court, District of New Jersey ("Bankruptcy Court"). For the reasons stated herein, the Court will deny the motion.

**BACKGROUND**

Charles A. Stanziale, Jr., Trustee ("Trustee") in the Chapter 11 bankruptcy of Solomon Dwek ("Dwek") brought an adversary proceeding seeking, <u>inter alia</u>, to avoid and recover certain allegedly fraudulent transfers made by Dwek to Kantrowitz involving (1) Kantrowitz's membership interests in certain New

Jersey limited liability companies (the "LLCs"), (2) distributions made by the LLCs to Kantrowitz, and (3) the value of capital contributions allegedly made by Dwek to the LLCs on behalf of Kantrowitz.  See Adv. Proc. No. 09-1233 (KCF) ("Adv. Proc."), dkt. entry no. 4, Am. Compl.; dkt. entry no. 31, Second Am. Compl.  (Dkt. entry no. 1, Moving Defs. Br. at 1-2.)  The Amended Complaint also asserted claims for breach of contract and breach of fiduciary duty, and sought an accounting and disallowance of any claims the Moving Defendants might have against the Dwek bankruptcy estate.  (Moving Defs. Br. at 2.)

The Moving Defendants moved before the Bankruptcy Court for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), as incorporated by Federal Rule of Bankruptcy Procedure 7012(b).  Adv. Proc. dkt. entry no. 30, Mot. for J. on Pleadings.  The Trustee cross-moved for leave to file a Second Amended Complaint.  Adv. Proc. dkt. entry no. 31, Cross Mot.  The Bankruptcy Court held a hearing on the motion and cross motion on July 12, 2010, and by letter opinion and Order dated August 4, 2010, denied the motion for judgment on the pleadings and granted the cross motion for leave to file a Second Amended Complaint.  Adv. Proc. dkt. entry nos. 38 & 39, 8-4-10 Letter Op. & Order.  In denying the motion for judgment on the pleadings, the Bankruptcy Court observed that the Answer filed by the Moving Defendants "flatly denies virtually every allegation in the complaint," indicating the existence of material factual disputes

precluding judgment on the pleadings. 8-4-10 Letter Op. at 4. The Bankruptcy Court further noted that the affirmative defenses raised by the Moving Defendants in their Answer "establish material factual disputes" with regard to, e.g., whether the LLCs received reasonable value from Kantrowitz for his alleged membership interests therein or whether Dwek received reasonably equivalent value for contributions made to the LLCs on Kantrowitz's behalf, as addressed in the Amended Complaint. Id. The Bankruptcy Court then found that "[a]lthough Rule 12(c) makes no provision for the non-moving party to file a motion for leave to amend . . . allowing further amendment of the complaint is appropriate here," exercising its discretion in granting the cross motion for leave to amend. Id. at 4-5.

 The Moving Defendants moved for reconsideration of the Bankruptcy Court's 8-4-10 Order and simultaneously filed a motion for leave to appeal that decision. Adv. Proc. dkt. entry no. 42, Mot. to Reconsider; dkt. entry no. 43, Not. of Appeal; dkt. entry no. 44, Mot. for Leave to Appeal. (See Moving Defs. Br. at 1 n.1.) The parties advised this Court of the pending motion for reconsideration, and the Court held the matter in abeyance until the Bankruptcy Court decided the motion for reconsideration. (Dkt. entry no. 2, 9-1-10 Letter from Counsel for Trustee.)

 The Bankruptcy Court granted the motion for reconsideration in one limited respect, and dismissed Count VIII of the Amended Complaint, which asserted a breach of contract claim based on the

3

alleged failure of Barry Associates and Barry Title to share profits and commissions with Dwek as required by an oral contract.  Adv. Proc. dkt. entry no. 64, 10-28-10 Order at 2.[1] The Bankruptcy Court vacated the 8-4-10 Order insofar as it had permitted amendment of Count VIII of the Amended Complaint, and denied the motion for reconsideration in all other respects.  Id. at 3.

The Moving Defendants now seek leave to appeal the 8-4-10 Order, arguing that the Court should allow an interlocutory appeal because the Bankruptcy Court erred in failing to dismiss and granting leave to amend (1) Counts I-IV of the Amended Complaint (the "fraudulent transfer claims"), to the extent those counts seek to avoid the issuance or transfer of the LLC interests to Kantrowitz, because the Trustee did not plead that Dwek transferred the LLC interests to Kantrowitz; (2) the claims in the Second Amended Complaint seeking avoidance of the transfer of the LLC interests based on a newly-alleged Ponzi scheme, where claims related to the alleged Ponzi scheme would not relate back to the Amended Complaint, "insofar as (a) the Amended Complaint . . . fails, under the . . . [pleading] standard [enunciated in Bell Atlantic Co. v. Twombly, 550 U.S. 544 (2007), and Ashcroft

---

[1] At the time of the 10-28-10 Order, Count VIII of the Amended Complaint had been superseded by Count XII of the Third Amended Complaint (Adv. Proc. dkt. entry no. 49), so the Bankruptcy Court dismissed Count XII of the Third Amended Complaint in that order as well.  10-28-10 Order at 2-3.

v. Iqbal, 129 S.Ct. 1937 (2009)], to state claims for relief based on actual fraudulent intent, and (b) the Amended Complaint makes no mention of any Ponzi scheme," and would therefore be barred by the applicable statute of limitations set forth at 11 U.S.C. § 546(a); (3) the fraudulent transfer claims, insofar as they seek to avoid and recover transfers Dwek allegedly made to the LLCs on Kantrowitz's behalf, because the Trustee "has not sought to avoid those transfers, and the statute of limitations has now run on the Trustee's ability to avoid such transfers to the LLCs"; (4) a breach of fiduciary duty claim, because (a) it is barred by the economic loss doctrine, and (b) the Trustee lacks standing to assert such a claim; (5) all non-avoidance claims, as barred by the doctrine of in pari delicto; and (6) all claims relating to distributions made by the LLCs more than three years prior to commencement of Dwek's bankruptcy case as barred by the three year statute of limitations set forth at N.J.S.A. § 2B-42(c).  (Moving Defs. Br. at 4-5.)

   The Trustee contends that the Moving Defendants have not satisfied the standard for an interlocutory appeal from an order of the Bankruptcy Court, arguing that the Moving Defendants' motion for leave to appeal "merely rehash[es] . . . the same arguments that the Bankruptcy Court already considered and rejected."  (Dkt. entry no. 5, Trustee Br. at 1.)

5

**DISCUSSION**

**I.   Legal Standard for Interlocutory Appeal from a Bankruptcy Court Order**

A district court has jurisdiction to hear an interlocutory appeal from a bankruptcy court order.  28 U.S.C. § 158(a).  28 U.S.C. § ("Section") 158(a) provides, in relevant part, that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."  Id.  Section 158(a), however, does not identify the standard a district court should use to determine when to grant an interlocutory appeal.  See id.; see also FV-1, Inc. v. Kenneth Ingram (In re Kenneth Ingram, Inc.), No. 05-5177, 2006 WL 902158, at *2 (D.N.J. Apr. 4, 2006); Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm., 321 B.R. 147, 156 (D.N.J. 2005).  This Court will apply the approach set forth in Section 1292(b), which governs interlocutory appeals from a district court to a court of appeals.  Truong v. Kartzman, No. 06-3286, 2007 WL 1816048, at *2 (D.N.J. June 22, 2007); Baron & Budd, 321 B.R. at 156; Bertoli v. D'Avella (In re Bertoli), 58 B.R. 992, 995 (D.N.J. 1986), aff'd, 812 F.2d 136 (3d Cir. 1987).

Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a

> controlling question of law as to which there is
> substantial ground for difference of opinion and that
> an immediate appeal from the order may materially
> advance the ultimate termination of the litigation, he
> shall so state in writing in such order.

28 U.S.C. § 1292(b).  Thus, to merit a Section 1292(b) certification, the movant must show that there is (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974); Truong, 2007 WL 1816048, at *2; In re Bertoli, 58 B.R. at 995. The decision to grant certification is within the district court's discretion, even if all three criteria are present. Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976).  Section 1292(b) certification should be allowed rarely since it is "a deviation from the ordinary policy of avoiding piecemeal appellate review of trial court decisions which do not terminate the litigation."  Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 1001 (D.N.J. 1996) (quotation and citation omitted); see also Truong, 2007 WL 1816048, at *2.  In addition to satisfying all three Section 1292(b) criteria, a party seeking an interlocutory appeal from a bankruptcy court order must also show "that exceptional circumstances justify a departure from the basic policy of postponing the review until after the entry of final judgment."  Truong, 2007 WL 1816048, at *2 (quotation and citation omitted); see also Patrick v. Dell Fin. Servs., 366 B.R.

7

378, 387 n.6 (M.D. Pa. 2007); Bowie Produce Co., Inc. v. Magic Am. Café, Inc. (In re Magic Rests., Inc.), 202 B.R. 24, 26 (D. Del. 1996).

### A. Controlling Question of Law

A controlling question of law, for Section 1292(b) purposes, is "every order which, if erroneous, would be reversible error on final appeal." Katz, 496 F.2d at 755; see also P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F.Supp.2d 355, 358 (D.N.J. 2001). It is not required that reversal of the order terminate the litigation or that the order be on the claim's merits. Katz, 496 F.2d at 755. "Controlling" means "serious to the conduct of the litigation, either practically or legally." Id. From the practical standpoint, saving the district court's time and the litigants' expenses is "a highly relevant factor." Id.

### B. Substantial Ground for Difference of Opinion

A difference of opinion, the second Section 1292(b) factor, "must arise out of genuine doubt as to the correct legal standard." P. Schoenfeld Asset Mgmt., 161 F.Supp.2d at 360; Kapossy, 942 F.Supp. at 1001. The movant's mere disagreement with the district court's ruling is not a substantial ground for difference of opinion for Section 1292(b) purposes. Kapossy, 942 F.Supp. at 1001; Hulmes v. Honda Motor Co., Ltd., 936 F.Supp. 195, 208 (D.N.J. 1996), aff'd, 141 F.3d 1154 (3d Cir. 1998). Generally, "[i]ssues of fact are not an appropriate basis for an interlocutory appeal." Truong, 2007 WL 1816048, at *3.

### C. Materially Advance Termination of Litigation

A Section 1292(b) certification materially advances the litigation's ultimate termination where the interlocutory appeal will eliminate the need for trial, complex issues, or issues that make discovery more difficult and more expensive. <u>L.R. v. Manheim Twp. Sch. Dist.</u>, 540 F.Supp.2d 603, 613 (E.D. Pa. 2008). A critical factor is whether the interlocutory appeal will cause excessive delay. <u>See</u> <u>Hulmes</u>, 936 F.Supp. at 212 (noting that "[d]elay is a particularly strong ground for denying appeal if certification is sought from a ruling made shortly before trial" (quotation and citation omitted)).

### II. Application of Legal Standards

The Moving Defendants ask this Court to allow an interlocutory appeal from the Bankruptcy Court's 8-4-10 Order denying the Moving Defendants' motion for judgment on the pleadings and granting the cross motion for leave to file a Second Amended Complaint.[2]  This Court, however, finds that the Moving Defendants have failed to satisfy the Section 1292(b) criteria, and thus, an interlocutory appeal is inappropriate.

---

[2] Because the Moving Defendants did not file any papers in this action after disposition of the motion for reconsideration, we do not consider the Moving Defendants to be seeking leave for an interlocutory appeal of the 10-28-10 Order granting in part and denying in part the motion for reconsideration.  The Trustee expressly disclaims that it is seeking leave to appeal the 10-28-10 Order insofar as it granted in part the motion for reconsideration and dismissed the breach of contract claim against Barry Associates and Barry Title.  (Trustee Br. at 1.)

9

### A.   Controlling Question of Law

We find that the issues raised by the Moving Defendants as to the Bankruptcy Court's denial of the motion for judgment on the pleadings with respect to the Amended Complaint are not "controlling" insofar as the Amended Complaint was superseded by the Second Amended Complaint by virtue of the Bankruptcy Court's granting the cross motion for leave to amend. In light of the Bankruptcy Court's finding that amendment was appropriate, the issue of whether the claims in the Amended Complaint should have been dismissed or not became moot. We therefore focus on whether an interlocutory appeal of the Bankruptcy Court's order insofar as it granted the Trustee leave to file the Second Amended Complaint is appropriate.

The Trustee sought leave to amend pursuant to Rule 15(a). Adv. Proc. dkt. entry no. 31, Trustee Br. Supp. Cross Mot. at 15-16. "Decisions under that rule are committed to the . . . sound discretion" of the trial court and therefore "rarely present a 'controlling issue of law'" appropriate for interlocutory appeal. Stanley v. St. Croix Basic Servs., No. 03-55, 2008 WL 4861448, at *2 (D.V.I. Nov. 3, 2008). The Moving Defendants now contend, however, that the question of whether the allegations in the Second Amended Complaint relate back to the Amended Complaint under Rule 15(c) is a controlling question of law in that the Bankruptcy Court should have denied the cross motion for leave to amend as futile. (Moving Defs. Br. at 10-11.) We agree that if

erroneously decided, a determination to allow or disallow an amendment as relating back or not under Rule 15(c) can constitute reversible error.  See Krupski v. Costa Crociere S.p.A., 130 S.Ct. 2485, 2493 (2010) (reversing grant of summary judgment in favor of defendant, where courts below erred in denying relation back under Rule 15(c)(1)(C)(ii)); Whalen v. W.R. Grace & Co., 56 F.3d 504, 506 (3d Cir. 1995) (entertaining interlocutory appeal of district court's order granting leave to amend the complaint to add additional plaintiffs as involving a controlling question of law).  Thus, we find that the Moving Defendants have shown that the 8-4-10 Order implicates a controlling issue of law.

### B. Substantial Ground for Difference of Opinion

The Moving Defendants do not identify a substantial ground for difference of opinion with respect to the Bankruptcy Court's granting the Trustee's cross motion for leave to amend.  Rather, the Moving Defendants merely disagree with the Bankruptcy Court's decision to allow amendment.  (See Moving Defs. Br. at 5.) This is insufficient to establish a substantial ground for difference of opinion as to the correct legal standard.  See Truong, 2007 WL 1816048, at *3 ("A motion to file an interlocutory appeal may be denied if the moving party merely questions the correctness of a court's ruling. . . . Mere disagreement with the court's determination does not create a 'substantial grounds for difference of opinion.'").  It is both apparent and undisputed that the Bankruptcy Court considered both

its discretionary power to allow liberal amendment of pleadings under Rule 15(a) and the standard for relation back under Rule 15(c), and thus there is "no genuine doubt as to the correct legal standard." Kapossy, 942 F.Supp. at 1001; 8-4-10 Letter Op. at 5 (relying on Krupski). Reviewing the record before the Court, we find no basis to accept the Moving Defendants' invitation find this factor "inapplicable because . . . 'the bankruptcy court's decision is contrary to well-established law.'" (Moving Defs. Br. at 8 (citing In re Marvel Entm't Grp., Inc., 209 B.R. 832, 837 (D. Del. 1997)).)

We conclude that the Moving Defendants have failed to meet their burden in demonstrating this requisite to appeal from the 8-4-10 Order insofar as it granted the cross motion for leave to amend. Nor have the Moving Defendants shown a substantial ground for difference of opinion as to the correct legal standard for a motion for judgment on the pleadings under Rule 12(c). See 8-4-10 Letter Op. at 3 (describing legal standard for judgment on the pleadings pursuant to Rule 12(c)). Insofar as the Bankruptcy Court determined that material factual disputes precluded judgment on the pleadings, such determination is not reviewable on interlocutory appeal. Christy v. Pa. Tpk. Comm'n, 912 F.Supp. 148, 148-49 (E.D. Pa. 1996); 8-4-10 Letter Op. at 4.

**C. Materially Advance Termination of Litigation**

The Moving Defendants failed to demonstrate a substantial ground for difference of opinion as to the correct legal

standard, and thus are unable to satisfy all three requirements for the Court to certify the 8-4-10 Order for appeal.  Therefore, the Court need not address whether an interlocutory appeal from either the denial of the motion for judgment on the pleadings or the cross motion for leave to amend would materially advance the litigation.  <u>Schnelling v. KPMG LLP</u>, No. 05-3756, 2006 WL 1540815, at *3 (D.N.J. May 31, 2006); <u>Stanley</u>, 2008 WL 4861448, at *4.  However, we note that insofar as a Third Amended Complaint has been filed in the adversary proceeding before the Bankruptcy Court, it would be inefficient to allow interlocutory appeal of issues relating to the Amended Complaint and Second Amended Complaint.  Adv. Proc. dkt. entry no. 49, Third Am. Compl. (filed 8-25-10).

## CONCLUSION

The Court, for the reasons stated <u>supra</u>, will deny the motion for leave to appeal.  The Court will issue an appropriate order.

                                                 s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge

Dated:   February 4, 2011